UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 29 2002

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

JON E. CURETON
4302 S. CARAWAY RD.
JONESBORO, AR   72404-0639

(Name of plaintiff or plaintiffs)

V.

3:02cv33 SMR

Dr. Arlene Johnson, M.D., P.A
Dr. John S. Johnson, M.D., P.A.
dba/ Leachville Primary Care Clinic
111 Main St.
P.O. Box 580
Leachvillle, AR   72438

This case assigned to District Judge Reasoner
and to Magistrate Judge Forster

(Name of defendant or defendants)

### COMPLAINT SEEKING TEMPORARY RESTRAINING ORDER

### AND MOTION TO RELEASE MEDICAL RECORDS

**WHEREAS**, I, Jon E. Cureton, do believe myself to be covered by a number of both Federal and State Laws in this matter, but specifically, as a person with advanced H.I.V. Disease/A.I.D.S., would fall under the jurisdiction of this Court with respect to the Americans with Disabilities Act; also, that this Court should have jurisdiction in this matter because I am a legal resident of the State Of Arkansas, residing in the Eastern District of this court for over twenty-five years, do come before this Court and beg it's aid and relief in the following forms:

1. **WHEREAS,** I the above named plaintiff, do come before this Court and beg relief in the form of a Restraining Order to allow me access, which is currently being denied, in blatant disregard for Arkansas Code 616-46-



2. **WHEREAS,** I the above named plaintiff, have made numerous attempts to amicably recover a full copy of said chart, having made them in good-faith attempts, both personally, and with the aid of a Professional in the Legal field, am still refused a copy of my chart from her offices;

3. **WHEREAS,** I have no other course of action available to me in that upon my request, a Mississippi County Deputy Sheriff refused to allow me to gain access to said records, even after showing him the specific Arkansas Code pertaining to the Release Of Medical Records; **AND** , whereas upon my last visit to her offices, my mother, whom was my Legal Proxy, requested copies of the chart, or access to same for viewing purposes, Dr. Johnson, or one of her agents threatened to have an injunction filed against us in order to "keep us off the property.", I feel that in the interest of upholding the Law of the State, as well as other Federal Codes and Statutes regarding such reckless behavior by a physician, as well as the witholding of Medical Documents which pertain to me, that this is the only recourse I have left to me at this time.

As further proof of my good-faith efforts to obtain my Medical Chart, please find attached the supporting evidence of such good-faith efforts.

**THEREFORE;** I, Jon E. Cureton, believing I do show good cause and an urgent need to obtain a legible, full copy of my medical record being withheld by Dr. Arlene Johnson, dba/ Leachville Primary Care Clinic, by being a patient with a chronic and ultimately fatal disease, do beg relief from this Court in the form of a Restraining Order, forbidding Dr. Arlene Johnson, or any of her agents, from further withholding such chart information, and release a complete copy of said chart to me forthwith and without further delay.

*Department of Surgery*
**SURGICAL ONCOLOGY**

4301 West Markham, Slot 725
Little Rock, Arkansas 72205-7199
**501/686-7861 (fax)**

UAM
MEDIC
CENT

**J. Ralph Broadwater, MD**
Associate Professor
501/686-5547

**Daniel Galvin, DO**
Assistant Professor
501/257-6785

**Martin Hauer-Jensen, MD, PhD**
Professor
501/686-7912

**Nicholas P. Lang, MD**
Professor
501/257-5300

**Roberta L. Muldoon, MD**
Assistant Professor
501/686-8405

**Kent C. Westbrook, MD**
Professor
501/686-6502

December 18, 2001

RE: Jon Cureton
    UAMS # 068-64-31

To Whom It May Concern:

Mr. Jon Cureton has been under my care for the last couple of years for a condition related to his chronic illness. Due to the nature of his illness, he requires periodic surgical intervention. At no time has he been refused care in my clinic for any reason.

If you have any questions regarding this letter, please do not hesitate to contact me.

Sincerely,

Ralph Broadwater, MD
Associate Professor of Surgery

RB/mu



**MEDICAL STAFF**

JOSEPH B. PIERCE, M.D.
FRANCES L. DUKE, M.D.
BOB BURNS, M.D.

Primary Care Clinic



2929 S. Caraway
Jonesboro, AR 72401
(870) 268-9400
www.CarawayMedicalCenter.com
E-mail: CMC@newsources.net

3/14/2001

To whom it may concern:

We have been attempting to access the medical chart of Mr. Jon Cureton four times and still are not in receipt of this chart. Jon's medical records are needed in order for me to continue to provide him with quality medical care. Your prompt attention to this matter would be greatly appreciated.

Sincerely,

Robert B.(Bob) Burns MD

Certified mail.

Cc: Mr. Jon Cureton

*Original Complaint*

*Copy*

**CONFIDENTIAL**

08 May 2001

Arkansas State Medical Board
Attn: Ms. Donna Thomas
2100 Riverfront Dr.
Ste. 200
Little Rock, AR 72202

RE: Formal Complaint(s) against Dr. Arlene Johnson, M.D., P.A.,/dba Leachville Primary Care Clinic.

Dear Ms. Thomas:

As per your request during our telephone conversation that I submit my specific "Formal Complaint(s)" against Dr. Arlene Johnson to your office in writing, the following is a brief summary of the practices in which she engaged in which I believe to be questionable and unethical, if not illegal.

    1.) On or around January 19, 2001, unbeknownst to me, my Medical Chart was taken to Dr. Arlene Johnson's residence, where apparently, by her own admission, her husband, Dr. John S. Johnson (Internal Medicine Associates of Jonesboro), was able to then read parts of my chart and persuaded his wife (my doctor), Dr. Arlene Johnson, to change the medical regimen she had agreed upon Only hours earlier with me via the staff nurse and telephone. After her husbands inappropriate intrusion, I was told to find another physician the following Tuesday. I was then sadly left with a physician who refused to render proper medical treatment, based on her husband's objections, and was forced to find another physician, but more importantly, was left with no physician in the interim who would write the prescriptions for the A.I.D.S. medications she, Dr. Arlene Johnson, had placed me on. (Specifically: Combivir, 150/300, 1 tab, BID and Crixivan, 800mg. QID on an empty stomach. She began this treatment with me on October 1, 2000, because of what I tried to explain to her was a natural "peak and valley" cycle I had gone through for over 8 years. She still insisted, however, with only a viral load of slightly over 7,000 copies/ml, that such an aggressive therapy was indicated at that time. When I was told that she and her husband felt like "it would be better if I looked for another doctor", I was numb from the defeated trust I had placed in her, not only as a physician, but someone who would be also a trusted advisor, and when the time came, be clear about the exact nature of Paliative care I would need, and the

2.) Since approximately January 29, 2001, I have been trying to extract a "full and legible" copy of my chart from her office, and as of the date of this letter, have received only partial records. I have tried everything I know to do to try to get a copy of said Chart, but she simply seems to be unwilling or unable to produce said item.(See Attachments) This only deepens the sense of distrust and betrayal. I believe that the violation of our Patient/Physician confidentiality, along with her allowing her husband to influence her decision making process on a patient he has never treated, nor could he make a visual verification of, constitutes a gross violation of her Oath, as a Physician as well as the Code of Conduct which professionals promise to uphold. The most aggregious violation, however, I believe, is the Ethics Standards to which I believe she and all other physicians should be held accountable.

As all "up-to-date" physicians and persons with A.I.D.S. know, the fastest way to develop drug-resistant strains of H.I.V., and other viruses, is to start and stop therapy abruptly. In the P.D.R., and all of the other various literature I read through, however, it does not tell what to do when your physicians husband objects to what she has chosen, as a specific treatment regimen and approach that was apparently working well since my viral load was below 50 copies/ml at only 10 weeks into combo-therapy of her choosing.

Surely there is something that can be done about these dangerous people who "hurt" their patients, both mentally and physically, before someone who is not as experienced at dealing with physicians as I am wanders in there in perfect health, only to find himself dying months later because "her husband" wouldn't allow her to administer a treatment which she has already researched and conferred with the patient on, but then would not follow through with the "plan-of-action" due to an objection that her husband makes. This seems like a VERY dangerous way to practice medicine to me. I will only know after extensive Genotypic and Phenotypic tests whether she has actually done actual bodily harm (ie: viral mutation(s);medication reactions, etc.), or other immunological variations. Please, Ladies and Gentlemen, do not let this go unnoticed, nor unpunished. Send a message loud and clear to the Physicians of Arkansas that breaches of Confidence of this nature; illigitimate dismissal of a patient due to your Spouses beliefs, and other such archaic, unethical prejudices will not be allowed in our wonderful State.

Thank you for your time and consideration of this matter, and until I hear further from you concerning this matter, or if you have any questions feel free to call or correspond to the following address and phone number:

Mr. Jon Edward Cureton
1322 Flint Street
Jonesboro, AR  72401

(870) 932-6262  [home]
(870) 930-4420  [mobile]

As I stated earlier, until I hear further from you or someone in your agency, I remain ever:

Very Sincerely Yours:

*Jon Edward Cureton*

Jon E. Cureton
10 year Survivor


jc/JEC

Enclosures

PC:  Dr. A. Johnson, L.P.C.C.
     Dr. Ralph Broadwater, A.C.R.C.
     Dr. J. Paul Moore, PhD.
     Dr. Larry Felts
     Dr. E. Paul Bicknell, III, PhD.
     2 legal copies
     5 personal copies



# ARKANSAS STATE MEDICAL BOARD

2100 Riverfront Drive, Little Rock, Arkansas 72202-1793 • (501) 296-1802 • FAX (501) 603-3555
www.armedicalboard.org

Peggy Pryor Cryer
Executive Secretary

Board Members:

I. Ray Jouett, M.D.
Chairman
Little Rock, AR

Warren M. Douglas, M.D.
Vice-Chairman
Little Rock, AR

David C. Jacks, M.D.
Secretary
Pine Bluff, AR

John B. Currie, Sr.
Treasurer
Wilmot, AR

R. Baker, M.D.
Batesville, AR

John E. Bell, M.D.
Searcy, AR

Sue R. Chambers, M.D.
Harrison, AR

Mrs. Bobbye H. Dennis
Little Rock, AR

Trent P. Pierce, M.D.
West Memphis, AR

Norman W. Simmons, M.D.
Little Rock, AR

J.E. Tommey, M.D.
El Dorado, AR

Alonzo D. Williams, Sr., M.D.
Little Rock, AR

James E. Zini, D.O.
Mountain View, AR

Legal Counsel:

William H. Trice, III
11 Spring Street
Little Rock, AR 72201
(501) 372-4144

May 17, 2001

Arlene L. Johnson, M.D.
111 South Main Street
P.O. Box 580
Leachville, AR 72438

Re:  Jon E. Cureton, Patient/Complainant

Dear Dr. Johnson:

Enclosed is a copy of a letter of complaint relative to you, which was received in this office. Before this office can proceed, a letter of explanation is needed from you on or before May 31, 2001.

Upon receipt of your reply, the complaint and your response will be reviewed at the next meeting of the Board. At the completion of that meeting, both you and the complainant will receive notice of the decision of the Board. However, if the Board requires further information in order to provide a ruling, you will be notified.

The date of the next meeting at which this complaint may be presented is June 14-15, 2001.

Please understand the purpose of the Medical Board is to ensure public safety. Therefore, our office must process all complaints regardless of the subject matter.

Your prompt reply will allow the Board to resolve this matter as quickly as possible.

Sincerely,

Peggy Pryor Cryer
Executive Secretary

PPC/cdj
Enclosure
cc:  Jon Cureton

CONFIDENTIAL

07 June, 2001

Attn: Ms. Peggy Pryor Cryer
Arkansas State Medical Board
2100 Riverfront Drive, Ste. 200
Little Rock, AR 72202-1793

RE: copies of possibly necessary documents for the Board's consideration

Dear Ms. Cryer:

Please be advised that I have enclosed an amended complaint against Dr. Arlene Johnson, M.D., P.A., /dba: Leachville Primary Care Clinic. I believe the amendment will broaden the scope, so to speak, of the exact nature of the decline in my system, which I believe to be Dr. Arlene Johnson's fault. It is also my sincere hope that this amendment will help to shed further light on the arrogant nature, roguish attitudes, and deceptive/possibly illegal practices in which she engages. The true sorrow is that she engages in these sorts of activities under the ruse of a physician. In my book, a physician is a "healer", an artist, if you will, practicing his/her art upon people who are sick and dying. To allow her to continue wielding her pen and prescription pad while practicing nothing but the SCIENCE of Medicine, is a true crime to the people who must seek out and trust her advice and decisions concerning their well-being and good-health. People like myself, who came to her frightened and in need of help and guidance, only to find that she is only the "mouthpiece" for someone else who has never seen, spoken with, nor had ANY medical history with me at all. I find it hard, if not impossible, to rationally think that someone who doesn't

know me could administer proper treatments or practice the Oath of: "First: Do No Harm!".

As I have stated previously, I believe these two 'physicians' to be a danger to the community of Jonesboro and it's surrounding areas. A public health threat that has a license to practice medicine and prescribe controlled substances is a threat indeed, ladies and gentlemen of the Board. Please, I urge you, reign these two irresponsible, prideful, hurtful people to a stop in the Medical community of Arkansas. Bigotry such as theirs is unacceptable in today's society, but is absolutely intolerable when it tries to hide itself behind the very honorable shield of the Art of Medicine.

Again, I thank you for your time and attention to this matter. All your consideration and helpfulness is appreciated beyond explanation with mere words. As ever, until I hear further from you or someone in your organization concerning this matter, I ever remain:

Very Sincerely,


Jon E. Cureton
10+ year Survivor, HIV/AIDS

jc/JEC

Enclosures
PC:  5 to various other physicians
     10 personal copies

June 7, 2001

CONFIDENTIAL

Arkansas State Medical Board
2100 Riverfront Drive, Ste. 200
Attn: Ms. Peggy Pryor Cryer
Little Rock, AR 72202-1793

Jon E. Cureton
1322 Flint Street
Attn: Addressee ONLY
Jonesboro, AR 72401

RE: Amendment to original complaint against Dr. Arlene Johnson, M.D., P.A., /
    Dba: Leachville Primary Care Clinic, Leachville, AR

Dear Ms. Cryer:

In my original correspondence with your office dated 08 May 2001, concerning n formal complaints against Dr. Arlene Johnson, M.D., P.A., and her actions, or la thereof, concerning my continued care as a patient with a Chronic/Terminal Illne (namely: Advanced H.I.V. Disease/A.I.D.S.), I pointed out that only after extensi and time consuming Genotypic and Phenotypic testing would I know the fi extent, if any, of the possible damage caused by the overly-aggressive protocol s] insisted be instituted on October 1, 2000, but then abruptly discontinued in la January, 2001; due to an objection, of which I was completely unaware of, by h husband, Dr. John S. Johnson, M.D.

After explaining the situation to my surgical oncologist, Dr. Ralph Broadwater the Arkansas Cancer Research Center, he explained that he was uncomfortab with proceeding with the planned surgery until things were "better under contr and more reliable" with my Primary Care Physician, Dr. Arlene Johnson. He al: asked if I would be open to the thought of being evaluated by Dr. Joseph M. Beck, M.D., P.A., of the Little Rock Cancer Center, for some blood work-ups and tests determine the full extent, if any, of the damage that the abrupt withdrawl of su medications as I had been taking (Crixivan [Indinivir Sulfate] and Combivir [AZ & Lamivudine]) would possibly have. Of course, I had no objections, and as L Beck is recognized on both a State and National level as somewhat of a specialist the fields of H.I.V. infection as well as in many other infectious diseases, I w: happy to have him join my "Care-team" of physicians and friends, and welcom his input, evaluations, suggestions and findings.

Dr. Broadwater's office staff made the original referral and set up the appointme for me to be examined on Friday, April 27, 2001. After a thorough physic examination, he drew blood to run the appropriate tests on, and made a retu appointment for May 15, 2001, at 1:00 p.m. It was at the May 15 follow-up exa

that I learned what I had feared all along. A condensed version of the harm effects Dr. Arlene Johnson's actions had on my immune system are as follows:

<u>*Absolute CD4 count:*</u> 379 L/mm3 with a reference range of: 690-1370 L/mm3

<u>*H.I.V.-1 RNA Quantitated at:*</u> 3,736 copies/mL. This test was done By the Polymerase Chain Reaction (PCR) using Amplicor HIV-1 Monitor Test, with a reference Range given by linear response between 400 And 750,000 HIV-1 RNA copies/mL.

<u>*N.R.T.I. Mutations, if detected:*</u>
HIV Protease Amino Acid #63, or (L63P)
**report and test administered by "Specialty Laboratories", Santa Monica, CA, at the request of Dr. Joe Beck, and was Routed through St. Vincent Infirmiry Med Center, Little Rock, AR**

These test results were reported back to Dr. Beck by the respective agenc performing the above mentioned tests, as well as many others, from May 2, 2001, May 7, 2001. The results were then given to me by Dr. Beck on my follow-appointment with him on May 15, 2001. During that visit, he also approved t surgical procedure which I had been in dire need of since mid-to-late Februa 2001. During the last five (5) months, the condition which Dr. Broadwater tre me for has steadily grown, and with that growth, caused more problems, pa bleeding, and unnecessary suffering. All of these things could have and would h; been avoided if Dr. Arlene Johnson had not allowed her husband to "take-over" t decision making processes in my health-care without my knowledge, consent, request. After five (5) long and agonizingly painful months of being forced to all the Condylomatum Accumulatum to grow to the point of excruciating pa excessive blood loss during bowel movements, alterations to my diet to not irrit the lesions, located in the rectal, peri-rectal, anal, and peri-anal areas, I am fina scheduled to have them removed by Laser Fulgeration on the 13th of June, 2001 have completed the "Pre-Op" check in regulations and blood work as ordered Dr. Broadwater, and now am simply forced to wait, in pain which grows worse w each passing day, for a surgical procedure which should have been performed o five (5) months ago.

Also, ever since leaving me to look for another physician in late January, I Johnson has made every attempt possible to keep me from obtaining a full a legible copy of my chart. The "spotty" pages she sends account for approximat 10% of the information contained in my chart. Being rather educated about

illness, I make it a point to periodically review my chart and it's contents. I ha[ve] tried every tactic I can think of to try to extract a copy of my chart from her offi[ce] but have been told repeatedly that she "<u>would not release my chart to me, or</u> [my] <u>Legal Healthcare Proxy</u>". After naming my mother, Joyce A. Cureton, a retired la[w] enforcement officer for Craighead County, my Legal Proxy in Healthcare matte[rs] and providing her with the proper paperwork to obtain copies of my chart, she w[as] told that if we persisted in our efforts, she (Dr. Arlene Johnson) would seek [a] Restraining Order and Injunction against us. She also quoted some law to [my] Mother which basically said that the chart belonged to her, I had no right to it, a[nd] it was at HER SOLE discretion to either give copies or deny my request. Af[ter] having my Priest, Fr. Dan Crockett, St. Mark's Episcopal Church, try talking to h[er] to come to some compromise concerning forwarding my entire chart to my n[ew] physician, copying the Arkansas Statute which covers Medical Records (16-46-10[0]) and specifically states that she MUST allow me access to those records, having t[he] same law sent to her by a friend of my Mother's who is a member of the Arkans[as] Bar, and countless other attempts to obtain these records, I still do not have the[m] in my possession. She seems to be either unwilling or unable to produce [a] complete copy of my chart as it existed the last time I read it in early January, 200[0].

Should you require further information or "Release of Medical Information" forn[s] from any of the physicians mentioned herein, please notify me at your earlie[st] possible convenience and I will try to accommodate your requests in a time[ly] manner. You may also reach me by electronic-mail at the following e-mail addres[s:]

e-mail: jcureton@fastdata.net

or

jonboy925@yahoo.com

home phone- (870) 932-6262
mobile phone-(870) 930-4420

Please feel free to contact me at any time in the future if I can be of any assistanc[e,] clarify any things which may not be clear, or obtain further proof of my 'good-fait[h'] attempts to work with Dr. Johnson even after she dismissed me due to nothi[ng] more than her husbands unsolicited, unnecessary and unwelcome intrusion in[to] my chart, case, and finally my physical wellbeing.

Until I hear further from you or your office concerning this, I remain ever,

Very Sincerely,

*Jon E. Cureton*

Jon E. Cureton, survivor, 10+ years



# ARKANSAS STATE MEDICAL BOARD

2100 Riverfront Drive, Little Rock, Arkansas 72202-1793 • (501) 296-1802 • FAX (501) 603-3555
www.armedicalboard.org

Peggy Pryor Cryer
Executive Secretary

Board Members:

N. Ray Jouett, M.D.
Chairman
Little Rock, AR

Warren M. Douglas, M.D.
Vice-Chairman
Little Rock, AR

David C. Jacks, M.D.
Secretary
Pine Bluff, AR

John B. Currie, Sr.
Treasurer
Wilmot, AR

. R. Baker, M.D.
Batesville, AR

John E. Bell, M.D.
Searcy, AR

Sue R. Chambers, M.D.
Harrison, AR

Mrs. Bobbye H. Dennis
Little Rock, AR

Trent P. Pierce, M.D.
West Memphis, AR

Norman W. Simmons, M.D.
Little Rock, AR

E. Tommey, M.D.
El Dorado, AR

Alonzo D. Williams, Sr., M.D.
Little Rock, AR

James E. Zini, D.O.
Mountain View, AR

Legal Counsel:

William H. Trice, III
1 Spring Street
Little Rock, AR 72201
(501) 372-4144

June 25, 2001

Mr. Jon Cureton
1322 Flint Street
Jonesboro, AR  72401

Re:    Arlene Johnson, M.D.

Dear Mr. Cureton:

The Arkansas State Medical Board addressed the complaint you registered against the above referenced physician at the June 14-15, 2001 meeting. The board discussed at length the complaint you have issued against him.

Although the Board is very sympathetic to the experience described in your letter, after serious consideration they did not feel as though the actions of this doctor rise to the level of a violation of the Arkansas Medical Practices Act. For your information, enclosed is a copy of Arkansas Statute 17-95-409 that lists the reasons for which the Board could take action against a physician's medical license.

We know this is not the ruling you hoped the Board would reach; we do have empathy and sympathize with your situation. The Board simply rendered the only decision they felt they could within their jurisdiction.

This case is considered closed at this time.

Sincerely,

Peggy Pryor Cryer
Executive Secretary

PPC/cdj

Enclosure



**ARKANSAS MEDICAL PRACTICES ACT**
**ARKANSAS CODE OF 1987 ANNOTATED**
**Sec. 17-95-409. Denial, suspension, or revocation - Grounds.**
(a)     (1) The board may revoke an existing license, suspend an existing license, or refuse to issue a license in the event the holder or applicant, as the case may be, has committed any of the acts or offenses defined in this section to be unprofessional conduct.
        (2) The words "unprofessional conduct", as used in Sub-chapters 2-4 of this chapter, are declared to mean:
           (A) (i) Conviction of any crime involving moral turpitude or conviction of a felony.
               (ii) The judgment of any such conviction, unless pending upon appeal, shall be conclusive evidence of unprofessional conduct;
           (B) Resorting to fraud, misrepresentation, or deception in applying for or securing a license to practice medicine or in taking the examination for the license;
           (C) Aiding or abetting an unlicensed person to practice medicine;
           (D) Procuring or aiding or abetting in procuring a wrongful and criminal abortion;
           (E) Violation of the laws of the United States or the State of Arkansas regulating the possession, distribution, or use of narcotic or controlled drugs classed in schedules 1-5 of the Controlled Substances Act of 1970 or the Uniform Controlled Substances Act, Sec. 5-64-101 et seq., including any amendments thereto;
           (F) Habitual indulgence in the use of alcohol to such an extent as to render himself incapable of exercising that degree of skill and judgment in the treatment of his patients which the moral trust and confidence in him demands;
           (G) Grossly negligent or ignorant malpractice;
           (H) Habitual, intemperate, or excessive use of narcotics or of any other habit-forming drugs;
           (I) Representing to a patient that a manifestly incurable condition of sickness, disease, or injury can be permanently cured;
           (J) Becoming physically or mentally incompetent to practice medicine to such an extent as to endanger the public;
           (K) Insanity or mental disease, if evidenced by an adjudication or by voluntary commitment to an institution for treatment of a mental disease or as determined by an examination conducted by three (3) impartial psychiatrists retained by the board;
           (L) (i) Soliciting for patronage;
               (ii) Advertising for patronage in a false, fraudulent, deceptive, or misleading manner;
               (iii) Advertising the quality of medical services; or
               (iv) Advertising illegal procedures and practices;
           (M) Offering, undertaking, attempting, or agreeing to cure or treat disease by a secret method, procedure, treatment, or medicine or representing, directly or indirectly, that he can treat, operate on, or prescribe for any human condition by a method, means, or procedure which he refuses to divulge upon demand to the Arkansas State Medical Board;
           (N) The willful betraying of a professional secret; and
           (O) Persistent, flagrant over-charging or over-treating of patients.
(b)     (1) (A) The board shall suspend an existing license in the event the holder breached a contract to practice medicine in a rural community that was entered into under the provisions of Sec. 6-81-701 et seq.
           (B) The suspension shall be for a period of years equivalent to the number of years that the recipient is obligated to practice medicine in a rural area, and the suspension shall continue until the loan, with interest thereon, is paid in full.
        (2) Upon notification from the Dean of the College of Medicine of the University of Arkansas for Medical Sciences and the Director of the Health Department that exigent circumstances warrent a waiver of the suspension, the board shall reinstate the holder's license.



# ARKANSAS STATE MEDICAL BOARD

2100 Riverfront Drive, Little Rock, Arkansas 72202-1793 • (501) 296-1802 • FAX (501) 603-3555
www.armedicalboard.org

Peggy Pryor Cryer
Executive Secretary

**Board Members:**

N. Ray Jouett, M.D.
Chairman
Little Rock, AR

Warren M. Douglas, M.D.
Vice-Chairman
Little Rock, AR

David C. Jacks, M.D.
Secretary
Pine Bluff, AR

John B. Currie, Sr.
Treasurer
Wilmot, AR

. R. Baker, M.D.
Batesville, AR

John E. Bell, M.D.
Searcy, AR

Sue R. Chambers, M.D.
Harrison, AR

Mrs. Bobbye H. Dennis
Little Rock, AR

Kent P. Pierce, M.D.
West Memphis, AR

Norman W. Simmons, M.D.
Little Rock, AR

E. Tommey, M.D.
El Dorado, AR

Alonzo D. Williams, Sr., M.D.
Little Rock, AR

James E. Zini, D.O.
Mountain View, AR

**Legal Counsel:**

William H. Trice, III
1 Spring Street
Little Rock, AR 72201
(501) 372-4144

May 17, 2001

Arlene L. Johnson, M.D.
111 South Main Street
P.O. Box 580
Leachville, AR 72438

Re: Jon E. Cureton, Patient/Complainant

Dear Dr. Johnson:

Enclosed is a copy of a letter of complaint relative to you, which was received in this office. Before this office can proceed, a letter of explanation is needed from you on or before May 31, 2001.

Upon receipt of your reply, the complaint and your response will be reviewed at the next meeting of the Board. At the completion of that meeting, both you and the complainant will receive notice of the decision of the Board. However, if the Board requires further information in order to provide a ruling, you will be notified.

The date of the next meeting at which this complaint may be presented is June 14-15, 2001.

Please understand the purpose of the Medical Board is to ensure public safety. Therefore, our office must process all complaints regardless of the subject matter.

Your prompt reply will allow the Board to resolve this matter as quickly as possible.

Sincerely,

Peggy Pryor Cryer
Executive Secretary

PPC/cdj
Enclosure
cc: Jon Cureton